UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MICHAEL A. YANDAL                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 5:12CV-P154-R

UNITED STATES OF AMERICA                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff filed a *pro se* action seeking the return of seized property (DN 1). On October 25, 2012, the Clerk of Court sent Plaintiff a Notice of Deficiency [Notice] directing him to remedy within 30 days of the Notice various deficiencies with the filing of this action (DN 3). The Notice further informed Plaintiff that failure to comply with the Notice without good cause would be brought to the attention of the Court. Plaintiff failed to timely remedy the deficiencies or respond to the Notice. Thereafter, on June 11, 2013, this Court entered an Order directing Plaintiff to remedy the deficiencies or show good cause for his failure to do so (DN 4). Plaintiff was given 30 days from the date of the Order to remedy the deficiencies. The Court's Order further warned Plaintiff that failure to comply with the Order within the time allowed would result in dismissal of this action. The 30 days have passed, and Plaintiff has not remedied the deficiencies or otherwise responded to the Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 630 (1962).  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency for failure to comply with court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *Jourdan v. Jabe*, 951 F.2d at 110.

    Because Plaintiff failed to comply with the Court's Order (DN 4), the Court concludes that he has abandoned any interest in prosecuting this action.

    Therefore, by separate Order, the Court will dismiss the instant action.

Date:


cc:    Plaintiff, *pro se*
4413.003